IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMES EDWARD CANDA,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTION CORPORATION OF AMERICA, et al.,<br><br>Defendants. | CV 16-00044-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff James Canda filed a Complaint pursuant to 42 U.S.C. § 1983, alleging Defendants deprived him of due process when his federal income tax refund check was withheld without notice. (Doc. 2 at 7.)

## I.  STATEMENT OF THE CASE

### A.  Parties

Mr. Canda is a state prisoner proceeding without counsel. He is currently incarcerated at Montana State Prison. He names the following Defendants: Correction Corporation, Warden David Berkebile, Associate Warden Douglas Fender, Domingo Stewart, Carol Tillman, Montana Department of Correction, and Director Mike Batista. (Doc. 2 at 5-6.)

1

### B. Allegations

Mr. Canda alleges that his federal income tax refund check arrived at Crossroads Correctional Center sometime between March 2016 and June 2016 and was withheld by the mailroom clerk, Ms. Tillman[1] He was not notified that his refund check had arrived and only discovered it by accident. (Doc. 2 at 7.) He alleges Ms. Tillman violated policy by withholding his mail and not giving him an undeliverable notice and the other defendants are culpable through the grievance process by not correcting the mistake when made aware of it and helping him to recover his refund check. (Doc. 2 at 7.)

Attached to the Complaint are a number of grievances submitted by Mr. Canda which indicate that he filed his 2014 tax returns on March 19, 2015, using the Easy 1040 filing form at Crossroad Correctional Center at Shelby, Montana. (Doc. 2-1 at 4.) On June 22, 2015, he went to mail a letter to the IRS inquiring about his tax refund and was told by the mailroom clerk, Ms. Tillman that his refund check had arrived but they returned it in compliance with the "Blue Bag Program" to verify its authenticity. He wrote five letters to the IRS inquiring about his tax return. (Doc. 2-1 at 1.) Mr. Canda was advised to communicate with the

---

[1] Although Mr. Canda indicates his check arrived between March and June 2016, according to the grievances attached to his complaint, he is complaining about incidents which occurred in 2015.

IRS regarding his refund check. (Doc. 2-1 at 4-5.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Because Mr. Canda is a prisoner proceeding in forma pauperis, the Court must screen his Complaint and dismiss it or portions thereof before it is served upon the defendants if the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. It must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

#### 1. Ms. Tillman

Mr. Canda's allegation that he was deprived of his property without due process is sufficient to state a claim under the Fourteenth Amendment against Ms. Tillman who allegedly returned Mr. Canda's refund check to the IRS without notice. Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). Mr. Canda appears to be complaining about an authorized, intentional deprivation of property. Accordingly, Ms. Tillman will be required to respond to the Complaint.

#### 2. Supervisory Officials

Mr. Canda has also named a number of supervisory officials. Section 1983 imposes liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691-94 (1978). Liability may not be imposed under § 1983 against supervisory

personnel for the actions of their subordinates under the theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009). Instead, supervising officers can be held liable under section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). That is, to impose liability under section 1983 against a supervisor, a plaintiff must establish the supervisor's <u>prior</u> knowledge of unconstitutional conditions or unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235 (D.Mont. 2014) (*citing Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), *Watkins v. City of Oakland*, 145 F.3d 1087, 1093–94 (9th Cir. 1997), and *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

In a procedural due process claim, it is not the deprivation of life, liberty, or property itself that is unconstitutional. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Rather, the unconstitutional conduct is the deprivation of those interests without due process of the law. *Id.*

Mr. Canda was allegedly deprived of due process prior to filing grievances

5

regarding the return of his tax refund check. He has not alleged that any of the named supervisory officials (Defendants Berkebile, Fender, Stewart, or Batista) had prior knowledge that he would be denied notice of the taking of his refund check. He only alleges that they failed to correct the mistake after it had occurred. This is insufficient to state a constitutional claim against a supervisory defendant. These Defendants should be dismissed.

### 3. Corrections Corporation of America

Mr. Canda also names Corrections Corporation of America. In *Monell*, the United States Supreme Court, announced the following standard governing the liability of a municipality under § 1983:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 694. Liability under Section 1983 may not be predicated upon a respondeat superior theory of liability. *Monell*, 436 U.S. at 694. *Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private companies acting under color of state law such as Corrections Corporation of America. *See Robinson v. City of San Bernardino*

*Police Dept.*, 992 F.Supp. 1198, 1204 (C.D. Cal 1998) *citing Street v. Corrections Corp. of America*, 102 F.3d 810, 817-18 (6th Cir. 1996); *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2nd Cir. 1990); *Lux v. Hansen*, 886 F.2d 1064, 1067 (8th Cir. 1989); *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982).

Corrections Corporation cannot be held liable under § 1983 simply because one of its employees may have violated Mr. Canda's constitutional rights. It can only be held liable for an unconstitutional custom, policy or practice. Mr. Canda has not alleged as such and therefore Corrections Corporation should be dismissed.

### 4. Montana Department of Corrections

The Montana Department of Corrections is not a proper party to this action. The Eleventh Amendment bars suit in federal court against a state and/or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state

court. Mont. Code Ann. § 2-9-101 et seq. As an agency of the State of Montana, the Montana Department of Corrections has Eleventh Amendment immunity from suit in federal court. In addition, States, state agencies, and state officials sued officially are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Mr. Canda makes no claim for declaratory or injunctive relief. The Montana Department of Corrections should be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendant Tillman to waive service of summons of Mr. Canda's Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[2] The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as**

---

[2]Defendants recommended for dismissal are not required to file a responsive pleading.

**reflected on the Notice of Electronic Filing**. If Defendant Tillman chooses to return the Waiver of Service of Summons, her answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall e-mail the following documents to Legal Counsel for the Crossroads Correctional Center:

* Complaint (Doc. 2);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for the Crossroads Correctional Center will not be served with a hard copy of these documents.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Mr. Canda <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5. Pursuant to Local Rule 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6. At all times during the pendency of this action, Mr. Canda must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Defendants Berkebile, Fender, Stewart, Batista, Correction Corporation, and the Montana Department of Correction should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district

---

[3] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of December 2016.

                                                 */s/ John Johnston*
                                                John Johnston
                                                United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMES EDWARD CANDA,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTION CORPORATION<br>OF AMERICA, et al.,<br><br>Defendants. | CV 16-00044-GF-BMM-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request<br>to Waive Service of Summons |

To: Chad E. Adams
    Browning Kaleczyc Berry & Hoven
    PO Box 1697
    Helena, MT 59624-1697

A lawsuit has been filed against an individual you may represent in this Court under the number shown above. A copy of the Complaint is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served on

Defendant and Defendant will have 60 days from the date this notice is sent (see the date below) to answer the Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and Complaint on Defendant and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 14th day of December, 2016.

                                           /s/ John Johnston
                                           John Johnston
                                           United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.
"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.
If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.
If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| JAMES EDWARD CANDA, | CV 16-00044-GF-BMM-JTJ |
|---|---|
| Plaintiff, | |
| vs. | Rule 4 Waiver Service of Summons |
| CORRECTION CORPORATION OF AMERICA, et al., | |
| Defendants. | |

TO: The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request to waive service of summons in this case. Defendant also received a copy of the Complaint. I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

The above-named Defendant understands that she will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendant also understands that she must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against her.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)