# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JAMES EDWARD CANDA,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | CV-16-00044-GF-BMM-JTJ<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff James Canda, a prisoner at Montana State Prison, filed a Complaint *pro se* alleging violations of 42 U.S.C. § 1983 on May 12, 2016. (Doc. 2.) Canda alleges that Defendants deprived him of due process when his federal income tax refund check was withheld without notice. (Doc. 2 at 7.) United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on December 16, 2016. (Doc. 9.) Neither party filed objections.

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1

Judge Johnston acknowledged that the Court must screen Canda's complaint and dismiss it or portions thereof if the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." (Doc. 9 at 3.) Judge Johnston determined that Canda's allegations against Ms. Tillman, the mailroom clerk at Crossroads Correctional Center, are sufficient to state a claim under the Fourteenth Amendment. *Id.* at 4. Canda alleges an authorized, intentional deprivation of property, which is actionable under the Due Process Clause.

Judge Johnston determined that Mr. Canda's allegations against supervisory officials—Defendants Berkebile, Fender, Stewart, or Batista—are insufficient to state a claim. (Doc. 9 at 6.) Judge Johnston cited to multiple cases for the proposition that a plaintiff must demonstrate a supervisor's prior knowledge of unconstitutional conditions or conduct committed by subordinates in order to sufficiently state a due process claim. *Id.* at 5. Canda has not alleged that supervisory defendants had prior knowledge that he would be denied notice of the withholding of his tax refund check. Judge Johnston accordingly concluded that Canda's allegations were insufficient.

Judge Johnston also determined that Canda's allegations against Corrections Corporation of America are insufficient to state a claim. (Doc. 9 at 7.) Judge Johnston so determined because Canda has not alleged any wrongful policies or

customs on the part of Corrections Corporation of America. *Id.* Judge Johnston also concluded that Canda's claims against the Montana Department of Corrections should be dismissed due to the State of Montana's well-established sovereign immunity. (Doc. 9 at 8.)

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 9) is ADOPTED IN FULL.

**IT IS FURTHER ORDERED** that Defendants Berkebile, Fender, Stewart, Batista, Corrections Corporation of America, and the Montana Department of Correction should be DISMISSED.

DATED this 10th day of January, 2017.

Brian Morris
United States District Court Judge